IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TERNECIA D. WILSON, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:22-cv-261-ECM-CWB ) |
| DONALD VALENZA and JEFF CARLISLE, | ) ) ) ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

Plaintiff Ternecia D. Wilson, who is proceeding *pro se*, filed this action on May 3, 2022 against defendants Donald Valenza and Jeff Carlisle. (Doc. 1). Plaintiff simultaneously filed a motion to proceed *in forma pauperis*. (Doc. 2). On May 5, 2022, the court granted Plaintiff *in forma pauperis* status and ordered that service of process be deferred pending preliminary review of the Complaint pursuant to 28 U.S.C. § 1915(e). (Doc. 4).[1]

The Complaint alleges that Plaintiff was "physically and mentally abused by authority," subjected to "excessive use of force," and "racially profiled." (Doc. 1 at p. 1). Attached as an exhibit to the Complaint is a handwritten letter further detailing the circumstances giving rise to Plaintiff's claims. (Doc. 1-1). Both the body of the Complaint and the attached exhibit specifically list the date of the alleged misconduct as December 26, 2013. (Doc. 1 at ¶ 4; Doc. 1-1 at p. 1). The court therefore concludes that Plaintiff's claims are time-barred.

---

[1] Section 1915(e) provides in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

It is well settled that Plaintff's claims are subject to a two-year limitations period for being asserted in this court:

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia,* 471 U.S. 261, 275–76, 105 S.Ct. 1938, 1946–47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala.Code § 6–2–38; *Jones v. Preuit & Mauldin,* 876 F.2d 1480, 1483 (11th Cir.1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen,* 515 F.3d 1168, 1173 (11th Cir. 2008). From the face of the Complaint, it is clear that the limitations period began to run on or about December 26, 2013. (Docs. 1 & 1-1). It is equally clear that this action was not filed until almost eight-and-a-half years later—far beyond the two-year period for doing so. (Doc. 1).

A statute of limitations argument generally is first pled as an affirmative defense. When a plaintiff proceeds *in forma pauperis*, however, the court may *sua sponte* consider any such affirmative defense that is apparent from the face of the complaint itself. *See, e.g., Clark v. Georgia Pardons and Parole Board*, 915 F. 2d 636, 640 n.2 (11th Cir. 1990) ("[I]f the district court sees that an affirmative defense would defeat the action, a section 1915 dismissal is allowed."); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). For the reasons set out above, Plaintiff's claims are untimely and thus due to be dismissed as frivolous under § 1915(e)(2)(B)(i). *See Clark,* 915 F.2d 636 n. 2 ("The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous."); *see also Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED with prejudice prior to service of process.

It is further ORDERED that, by October 19, 2022, the parties may file written objections to this Recommendation. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this the 5th day of October 2022.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**